1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY ANDREW YOUNG,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:13-cv-01739-JCM-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's application (#1) to proceed *in forma pauperis*, his motion (#2) for appointment of counsel, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.  The court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.  Following review, it appears that the petition should be dismissed without prejudice in deference to petitioner's first-filed petition challenging the same conviction.

The papers on file and the online docket records of this court and the state courts reflect the following. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

Petitioner Danny Andrew Young was convicted, pursuant to a jury verdict, of incest, attempted sexual assault, and two counts of sexual assault.  The state supreme court affirmed the conviction on May 10, 2010, in No. 54017.  The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on Monday, August 9, 2010.

1      After approximately five months had elapsed, on or about January 12, 2011, petitioner

2 filed a state post-conviction petition.  The state district court denied relief.  In No. 58352, the

3 state supreme court affirmed the denial of relief but remanded for the correction of a clerical

4 error in the judgment of conviction.  The remittitur issued on December 13, 2011.

5      An amended judgment of conviction was filed on December 22, 2011, and the time to

6 file a direct appeal from the corrected judgment expired on Monday, January 23, 2012.

7      On or about March 20, 2012, petitioner mailed a federal habeas petition to the clerk

8 of this court for filing, which was docketed under No. 2:12-cv-00524-JCM-NJK.  That action

9 ultimately was dismissed without prejudice after petitioner did not either pay the $5.00 filing

10 fee or file a properly-completed pauper application that would demonstrate his inability to do

11 so.  Final judgment was entered on March 1, 2003.

12      On or about September 16, 2013, petitioner mailed the present petition for filing.[1]

13      On March 25, 2014, subsequent to the filing of this action, the court granted petitioner's

14 motion to reopen the first-filed action in No. 2:12-cv-00524.

15      This duplicative action therefore will be dismissed without prejudice in deference to the

16 first-filed action.  Even if there *arguendo* were claims asserted in the petition in this matter that

17 are not asserted in the petition in the first action, any such *arguendo* additional claims will be

18 timely in the other action – if actually added in that action – only if they relate back to the

19 petition in the first action.  The petition in the present matter is untimely on its face, and the

20 pendency of this action thus will not aid petitioner in establishing the timeliness of any claims

21 in the present petition that are not currently included in the petition in the first-filed action.  It

22 does not appear from a review of the petition in this matter that petitioner successfully could

23 rely on delayed accrual under 28 U.S.C. § 2244(d)(1)(B) through (D) to establish the

24 timeliness of any particular claim herein that *arguendo* is not included in the first petition.

25 _____

26      [1]Petitioner constructively filed another action in No. 2:13-cv-00952-APG-GWF on or about May 23,
2013.  The court dismissed that action without prejudice due to multiple procedural defects.  The court noted
27 that the dismissal without prejudice would not materially impact an analysis of, *inter alia*, the timeliness issue
in a new action given that petitioner needed much more than relation back to the putative May 23, 2013, filing
28 date of that action to establish the timeliness of his claims.

1   The court expresses no opinion as to whether the petition in this matter includes claims

2   that are not presented in the first-filed petition.[2]  Nor is the court instructing or giving petitioner

3   permission to file additional claims in the first-filed action.  The court is stating only that the

4   dismissal of this duplicative action without prejudice will not materially impact the analysis of

5   the timeliness of any claims that petitioner might seek to add in the first-filed action that

6   *arguendo* are included only in the present petition.

7   The court finds that further proceedings herein prior to dismissal of this duplicative

8   later-filed action without prejudice would be futile and an imprudent application of limited

9   resources.

10   The motion for appointment of counsel will be denied without prejudice in this

11   duplicative action.

12   Petitioner should note the following.  Petitioner falsely indicated in the petition for this

13   action that this petition was his first federal petition challenging the conviction.  See #1-1, at

14   2.  If petitioner again makes a false statement to the court, in this or another action, the matter

15   may be referred to institutional authorities for consideration of possible disciplinary sanctions

16   for major violation MJ48.[3]

17   IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma*

18   *pauperis* is GRANTED, for this action only, and that petitioner will not be required to pay the

19   filing fee for this action.

20   IT FURTHER IS ORDERED that the clerk of court shall file the petition and that the

21   petition is DISMISSED without prejudice as duplicative of the first-filed action in No.

22   2:12-cv-00524-JCM-NJK.

23

24   _____

25   [2]The petitions do substantially overlap and both clearly challenge the same conviction, with the claims in the present petition being more conclusory than the attachment submitted with the first-filed petition.

26   [3]Under MJ48 of the NDOC Administrative Regulations, a major violation may be committed by the

27   following: "Any violation of the Rules of Court, contempt of court, submission of forged or otherwise false documents, submissions of false statements, violations of Rules of Civil Procedure and/or receiving sanctions and/or warnings for any such actions from any court.  Although not necessary for disciplinary purposes, any

28   Order from any court detailing such action shall be sufficient evidence for disciplinary purposes."

1        IT FURTHER IS ORDERED that petitioner's motion (#2) for appointment of counsel

2  is DENIED without prejudice.

3        The clerk shall enter final judgment according, dismissing the present action without

4  prejudice.

5            DATED:  May 27, 2014.

_____
JAMES C. MAHAN
United States District Judge

-4-